IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV447 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTION'S, MICKIE BAUM, Record's Administrator, VAL GRANHOLM, Records, SCOTT FRAKES, Prison Director, and PETE RICKETES, Govenor, | ) ) ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court for case management. On January 4, 2018, the court prematurely dismissed this matter without prejudice due to Plaintiff's failure to pay the initial partial filing fee within 30 days. (Filing No. 7; Filing No. 8.) By this Order, the court shall rescind the prior Order (Filing No. 7) and Judgment (Filing No. 8) and give Plaintiff the opportunity to show cause why he failed to pay the initial partial filing fee.

The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

On November 29, 2017, the court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $3.43 within 30 days. (*See* Filing No. 6.) To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the court will

require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

If Plaintiff's failure to pay by the court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account, his failure to pay within the time ordered by the court will be excused. However, if Plaintiff's failure to pay by the court's deadline was caused by his failure to leave sufficient funds in his account to timely pay the initial partial filing fee, his failure to pay will not be excused. Absent a sufficient response, the case will be subject to dismissal. *See [Taylor v. Cassady](), 570 Fed. App'x. 632 (8th Cir. 2014)* (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

IT IS ORDERED:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 9, 2018**: check for response to show cause order.

3. The court's prior Memorandum and Order (Filing No. 7) and Judgment (Filing No. 8) are stricken.

DATED this 9th day of January, 2018.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge