IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV447 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTION'S, MICKIE BAUM, | ) | **AND ORDER** |
| Record's Administrator, VAL | ) | |
| GRANHOLM, Records, SCOTT | ) | |
| FRAKES, Prison Director, and PETE | ) | |
| RICKETES, Govenor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jerome Clark, a pro se litigant now incarcerated at the Lincoln Correctional Center ("LCC"), filed this 42 U.S.C. § 1983 action in which he complains about a hodgepodge of issues ranging from the restoration of good time to conditions of confinement. The court has granted Plaintiff permission to proceed in forma pauperis, and the court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this § 1983 action against the Nebraska Department of Correctional Services ("NDCS"), state employees Mickie Baum and Val Granholm who deal with "records," NDCS Director Frakes, and Nebraska Governor Ricketts in their official capacities only. Plaintiff broadly challenges "dead time not being sent, jail time credit being in error, miscellaneous detainer's and good time restoration

miscalculation's," as well as "staff assault's, k2 drug abuse, on going overcrowding, alienation, extortion, stealing and fighting." (Filing No. 1 at CM/ECF p. 3.)

Plaintiff refers to "3 years of undocumented dead time it's not stated on my time sentence inquiry sheet in a mix of miscalculated time sentence errors from jail time credit good time and error of sentence structure." (Filing No. 1 at CM/ECF p. 7.) He also complains about "being stampeded by people," inmates who "steal fight and alienate you so they can extort money from each other," guards who are "bring'n in k2 at the nebraska state penitentiary," and being "over run with petty thieves" who have assaulted two of his cell mates for debts related to k2. (Filing No. 1 at CM/ECF p. 5.)

Attached to Plaintiff's Complaint are documents indicating that 335 days of good time were restored to him on June 8, 2017, based on Plaintiff's "Factor Rating Score," "Sentence Structure," and "medical, security or assignment needs." The documents also show that Plaintiff's June 16, 2017, "classification appeal" requesting more good time was denied. (Filing No. 1 at CM/ECF pp. 16-17.)

While Plaintiff's prayer for relief is not entirely clear, it appears he requests to be released, to confer with a lawyer after his release about money damages, and to "see a doctor to have me highly and heavily medicated after being incarcerated in nebraska." (Filing No. 1 at CM/ECF p. 5.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff sues the NDCS and Defendants Baum, Granholm, Frakes, and Ricketts in their official capacities only.

3

## A.  Sovereign Immunity

Plaintiff's claims for monetary relief against the NDCS and Defendants Baum, Granholm, Frakes, and Ricketts in their official capacities are barred by Eleventh Amendment sovereign immunity. Further, Plaintiff cannot sue the state or state officials in their official capacities for money damages under § 1983 because such suits are really suits against the state, and the state is not a "person" who can be sued under § 1983. *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (section 1983 provides no cause of action against agents of the state acting in their official capacities; sovereign immunity bars claim against state-agency employees for monetary damages under federal act); *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars claims against state and its agencies for any kind of relief; Eleventh Amendment bars claims for money against state officials in their official capacities).

## B.  Errors in Calculating Good Time

Plaintiff attached to his Complaint a copy of a local newspaper article recounting the NDCS's miscalculation of mandatory minimum sentences of some 1,200 state prisoners. (Filing No. 1 at CM/ECF pp. 12-13.) Presumably as a result of these errors—including the miscalculation of "dead time," "jail time credit," "detainers," and "good time restoration"—Plaintiff asks the court to "grant me my release date now." (Filing No. 1 at CM/ECF p. 6.)

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, Plaintiff's claim for release should have been brought by an action for a writ of habeas corpus under 28 U.S.C. § 2254, not under 42 U.S.C. § 1983. *See, e.g., Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005)

4

(unpublished) (requested relief of release is unavailable under 42 U.S.C. § 1983, "but is properly sought in a habeas corpus petition after exhaustion of state remedies"); *Siers v. Daugaard*, No. CIV. 14-4034, 2014 WL 2593011, at *2 (D.S.D. June 10, 2014) ("because [plaintiff] is challenging the fact of his confinement and seeks to be released from prison, he has failed to state a claim upon which relief may be granted pursuant to § 1983. His sole remedy is a writ of habeas corpus.").

To the extent Plaintiff demands types of relief other than release based on a claim that the Defendants' alleged miscalculations deprived him of due process, Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff does not have a constitutional right to conditional release or "good time credits." *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987); *Andrews v. Huckabee*, No. 2:07CV00010, 2007 WL 641532, at *2 (E.D. Ark. Feb. 27, 2007) ("Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. . . . [P]laintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence).

This is not a case covered by *Wolff v. McDonnell*, 418 U.S. 539 (1974) (though the Constitution does not guarantee good-time credit for satisfactory behavior while in prison and though the due process clause does not require a hearing in every conceivable case of government impairment of private interest, where state created right to good-time and recognized that its deprivation was a sanction authorized for major misconduct, prisoner's interest therein was sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right was not arbitrarily abrogated). Here the Plaintiff specifically asserts that he challenged the calculation of good time, he was accorded

some but not all the relief he was requesting, that he appealed the decision and the decision was affirmed. Thus, the Plaintiff appears to have been afforded all the process he was due.

Accordingly, Plaintiff's claim based on the Defendants' miscalculation of his good-time credits is dismissed for failure to state a claim upon which relief can be granted.

## C.  Other Claims

While all of Plaintiff's claims, as currently drafted, must be dismissed, Plaintiff may elect to amend his Complaint to assert his conditions-of-confinement claims against Defendants Baum, Granholm, Frakes, and Ricketts in their individual capacities. However, such claims will not be sufficient if Plaintiff presents those claims as he does now—that is, in serial fashion with no supporting factual context: "staff assault's, k2 drug abuse, on going overcrowding, alienation, extortion, stealing and fighting" (Filing No. 1 at CM/ECF p. 3) and "being stampeded by people," inmates who "steal fight and alienate you so they can extort money from each other," guards who are "bring'n in k2 at the nebraska state penitentiary," and being "over run with petty thieves" who have assaulted two of his cell mates for debts related to k2. (Filing No. 1 at CM/ECF p. 5.)

It is true that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers; however, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting

*Twombly*, 550 U.S. at 555). Plaintiff's Complaint fails to meet this minimal pleading standard.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants in their individual capacities only. *Plaintiff should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal rights Plaintiff believes Defendants violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

Accordingly,

IT IS ORDERED:

1. Defendant Nebraska Department of Correctional Services is dismissed from this action as not subject to suit under 42 U.S.C. § 1983.

2. Plaintiff's claim for money damages against Defendants Baum, Granholm, Frakes, and Ricketts in their official capacities is dismissed as barred by the Eleventh Amendment.

3. Plaintiff's claim based on the Defendants' miscalculation of his good-time credits is dismissed for failure to state a claim upon which relief can be granted.

4. On or before May 18, 2018, Plaintiff may file an amended complaint to assert his conditions-of-confinement claims against Defendants Baum, Granholm, Frakes, and Ricketts in their individual capacities, in the absence of which this case

shall be dismissed without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and 1915A in the normal course of business.

5. The Clerk of Court shall set a pro se case-management deadline as follows: May 18, 2018—amended complaint due.

DATED this 17th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge